PEOPLE *ex rel.* ROBINSON *v.* BELL, Police Commissioner.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

1. MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMEN—NEGLECT OF DUTY.
   Where the uncontradicted evidence shows that a police officer failed to arrest one who committed an assault in his presence, a finding of neglect of duty is warranted.

2. SAME—SEVERITY OF PUNISHMENT.
   The decision of the police commissioner, inflicting a punishment which he is authorized by law to inflict on finding an officer guilty of the charges against him, is not reviewable because of its severity, as that is in the discretion of the commissioner.

3. SAME—OFFICER OFF DUTY.
   The officer's failure to arrest is not excused by the fact that he was off duty.

Appeal from special term, Kings county.

Petition by Robert J. Robinson for a writ of *certiorari* to James D. Bell, the commissioner of police and excise of Brooklyn, for the purpose of reviewing the accusation, trial, and removal of petitioner as a patrolman of the Brooklyn police force. Relator was discharged for neglect of duty in permitting one Frank Skelly to indecently assault a woman in his presence, and for afterwards allowing him to escape. From the judgment for defendant relator appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*William J. Gaynor,* for relator. *Franklin E. O'Reilly,* for respondent.'

PRATT, J. There was a failure to prove the principal charge against the relator, but the proof that he failed to arrest one Skelly, and allowed him to escape, who committed an assault in relator's presence, was clear and uncontradicted. This evidence sustained the charge of neglect of duty, and justified the defendant in finding Robinson guilty. While we think, under all the circumstances, that the punishment was severe, yet·that was a matter resting in the discretion of the defendant. The authorities are abundant that, where punishment is discretionary, the determination of the court that fixes it is not the subject of review. The defendant was vested by statute with power to punish by dismissal, and, having properly found relator guilty, the power was vested in the defendant to inflict the exact punishment that he did inflict.

No error seems to have been committed in the conduct of the trial, and the only points raised are that the evidence fails to make out a case, and that the relator, being off duty, was under no obligation to arrest Skelly. But the evidence was sufficient to sustain the charge of neglect of duty, unless the fact that relator was "off duty" excused him from making the arrest. We think that the fact that he was "off duty" furnishes no excuse. Taking off his uniform did not divest him of his powers as a police officer.

While we think the punishment was undue, it was clearly in the discretion of the commissioner, and this court is not at liberty to interfere. The judgment must be affirmed.